## ATLANTIC CORPORATION v. UNITED STATES.

### No. 48766.

United States Court of Claims.

Dec. 6, 1948.

See also 81 F.Supp. 235.

Milton Kramer, of Washington, D. C. (Schoene, Freehill & Kramer, of Washington, D. C., on the brief), for plaintiff.

William A. Stern, II, of Washington, D. C., and H. G. Morison, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and MADDEN, WHITAKER, LITTLETON and HOWELL, Judges.

HOWELL, Judge.

On July 28, 1948, plaintiff filed its petition in this court under Section 6 of the Lucas Act, Act Aug. 7, 1946, ch. 864, 60 Stat. 903, as amended by Section 37 of the Act of June 25, 1948, Public Law 773, 80th Cong., 2nd Sess., 41 U.S.C.A. § 106 note. On August 2, 1948, plaintiff filed a similar petition in the District Court of the United States for the District of Columbia. On September 8, 1948, pursuant to motion and without objection, the District Court entered an order transferring the action in that court, and all papers filed in that action, to this court. On August 26, 1948, the defendant filed a motion to dismiss the action filed in this court on July 28, 1948, on the ground that prior to September 1, 1948, this court did not have jurisdiction of the cause of action, and inferentially that before September 1, 1948, the statute of limitations would have run on the cause of action.

Since we have previously decided that a motion by the defendant to dismiss the petition of plaintiff's assignor, Samuel Waxman d/b/a Acme Iron Works, on an identical cause of action should be overruled, the question raised in this case has been answered. The motion to dismiss the petition is hereby overruled.

It is so ordered.